UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD BOONE II,
                Plaintiff,                        Case No. 06-14415

    vs.                                         JUDGE DENISE PAGE HOOD
                                                  MAGISTRATE JUDGE STEVEN D. PEPE

TERI FIGHTER, JOEL PARKS, LORRAINE KIPP,
BRUCE PUNG , PERCY CONERLY, RAY WOLFE ,
JAMES ARMSTRONG, JOHN ROBITSHUN ,
JAMES QUINLAN, ENID LIVINGSTON ,
DAVE KLIENHARDT, PATRICIA CARUSO
AMY BEST, JONNATHAN ALTMAN,
ED HUNT , MARIA ORTH,
DIANNA MARBLE , GREG HUTCHINSON ,
GERALD DEVOSS , GEORGE PRAMSTALLER ,
 DR. LOUANNE DICK,  P. A. KEARNEY ,
 DR. ISSACS , KARMEN BLOUNT, S. TEED
BETH DAVIS , KELLEY MELLE ,
JULIE VAN SETTERS,  NURSE GRAHECK,
BUREAU OF HEALTH CARE SERVICES,
CORRECTIONAL MEDICAL SERVICES
       MEDICAL SERVICE ADVISORY COMMISSION,
DIRECTOR OF MEDICAL SERVICES
       DUANE L. WATERS HOSPITAL,
BILLY RAY THOMPSON, BLAINE LAFLER ,
MIKE OLSON, BARBARA MEAGER ,
SUSAN HAVELKA , WAYNE RITZ,
LORI GIDLEY, THOMAS K. BELL,
BRUCE CURTIS, CHERYL MILLER ,
DR. HERRING ,CHEF SUAREZ,  LT. HUNTER ,
LORI JACKSON, AMY GASKIL , J. SCOTT ,
JENNIFER GRANHOLM, JOHN CHERRY, JR.,
JANE DOE *1-7,*  MONICA FULLER AND
HARESH PANDYA
                Defendants
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
FOR CLASS CERTIFICATION (DKT. #12)**

Plaintiff, an inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed this action under 42 U.S.C. §1983, alleging that defendants violated his constitutional and statutory rights under the:

- First Amendment, including religious freedom, freedom of speech and petition, freedom of association, and retaliation concerning his use of the grievance process;
- Eighth Amendment, including deliberate indifference to serious medical needs;
- Fourteenth Amendment, including due process and equal protection claims;
- Americans with Disabilities Act;
- Religious Land Use and Institutionalized Persons Act;
- Rehabilitiation Act; and
- 42 U.S.C. §1985.

All pretrial matters have been referred to the undersigned[1]

**I.     ANALYSIS**

Federal Rule of Civil Procedure 23(a) provides:

> **(a) Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P 23.

Plaintiff is unrepresented and incarcerated and, therefore, not an adequate representative to protect the interests of a class. Courts have held that *pro se* prisoners are not adequate class representatives able to fairly represent the class. *See Oxendine v. Williams*, 509 F.2d 1405 (4th

---

[1] Pursuant to the referral in this matter and 28 U.S.C. §636(b)(1)(A), the undersigned must issue a report and recommendation for motions pertaining to maintenance of a class action.

Cir.1975); *Hummer v. Dalton*, 657 F.2d 621 (4th Cir.1981); *Ethnic Awareness Organization v. Gagnon*, 568 F.Supp. 1186 (E.D.Wis.1983); *Inmates, Washington County Jail v. England*, 516 F.Supp. 132 (E.D.Tenn.1980), affirmed, 659 F.2d 1081 (6th Cir.1981).  *See also*, *Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000); *Ballard v. Campbell*, No. 98-6156, 1999 WL 777435, at *1 (6th Cir. Sept.21, 1999); *Giorgio v. Tennessee*, No. 95-6327, 1996 WL 447656, at *1 (6th Cir. Aug.7, 1996); *Marr v. Michigan*, No. 95-1794, 1996 WL 205582, at * 1 (6th Cir. Apr.25, 1996); *Barnes v. Dunn*, No. 91-5889, 1991 WL 243553, at *1 (6th Cir. Nov.21, 1991); *Stanko v. Story*, No. 90-6549, 1991 WL 73257, at *1 (6th Cir. May 7, 1991).[2]

In addition, Plaintiff's claims regarding both deliberate indifference to his arthritis condition and retaliation are embedded in a specific set of factual claims that are largely unique to him.  These and his other claims do not involve common facts with those of other inmates who may seek to complain about deliberate indifference to their commonly different serious medical needs or to complain about different acts of retaliation.  Different defendants and factual scenarios will surely be involved so that the individual facts of the class members will predominate over the common facts even if the constitutional legal framework is the same.  Thus, this is not an appropriate case for class certification even if Plaintiff were a suitable class representative.

---

[2] Plaintiff may argue that he has requested counsel in this matter. Yet, this motion was denied (Dkt. #10) because plaintiff did not show that exceptional circumstances exist to warrant an appointment.  Further, there is a pending motion for dismissal based on Plaintiff's alleged failure to exhaust (Dkt. #80).  If Plaintiff's action is subject to dismissal for failure to exhaust administrative remedies, the appointment of a lawyer would be futile.  Therefore, Plaintiff's request for counsel is deemed non-meritorious at this time, and does not add to his argument for class certification.

3

Therefore, Plaintiff has failed to meet the prerequisites for class certification and this motion should be DENIED.

## II.    RECOMMENDATION

IT IS RECOMMENDED that Plaintiff's motion for class certification be DENIED.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: March 27, 2007                              s/Steven D. Pepe
Ann Arbor, Michigan                               United States Magistrate Judge

### Certificate of Service

I hereby certify that on March 27, 2007, I electronically filed the foregoing order with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Christine M. Campbell, Kimeberley Koester, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Richard Boone, II #409976, Boyer Road Correctional Facility, 10274 Boyer Rd., Carson City MI 48111

s/ James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church St.
Flint, MI 48502
810-341-7850
pete_peltier@mied.uscourts.gov