UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD BOONE II,

            Plaintiff,                              Case No. 06-14415

  vs.                                            JUDGE DENISE PAGE HOOD
                                                    MAGISTRATE JUDGE STEVEN D. PEPE

TERI FIGHTER, JOEL PARKS, LORRAINE KIPP,
BRUCE PUNG , PERCY CONERLY, RAY WOLFE ,
JAMES ARMSTRONG, JOHN ROBITSHUN ,
JAMES QUINLAN, ENID LIVINGSTON ,
DAVE KLIENHARDT, PATRICIA CARUSO
AMY BEST, JONNATHAN ALTMAN,
ED HUNT , MARIA ORTH,
DIANNA MARBLE , GREG HUTCHINSON ,
GERALD DEVOSS , GEORGE PRAMSTALLER ,
 DR. LOUANNE DICK,  P. A. KEARNEY ,
 DR. ISSACS , KARMEN BLOUNT, S. TEED
BETH DAVIS , KELLEY MELLE ,
JULIE VAN SETTERS,  NURSE GRAHECK,
BUREAU OF HEALTH CARE SERVICES,
CORRECTIONAL MEDICAL SERVICES
      MEDICAL SERVICE ADVISORY COMMISSION,
DIRECTOR OF MEDICAL SERVICES
      DUANE L. WATERS HOSPITAL,
BILLY RAY THOMPSON, BLAINE LAFLER ,
MIKE OLSON, BARBARA MEAGER ,
SUSAN HAVELKA , WAYNE RITZ,
LORI GIDLEY, THOMAS K. BELL,
BRUCE CURTIS, CHERYL MILLER ,
DR. HERRING ,CHEF SUAREZ,  LT. HUNTER ,
LORI JACKSON, AMY GASKIL , J. SCOTT ,
JENNIFER GRANHOLM, JOHN CHERRY, JR.,
JANE DOE *1-7*,  MONICA FULLER AND
HARESH PANDYA
                      Defendants.
_____/

**REPORT AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTIONS FOR A TRO (DKT. #13)
AND PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE (DKT. #77)
<u>AND ORDER TO PRODUCE MEDICAL REPORT.</u>**

Plaintiff, an inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed this action under 42 U.S.C. §1983, alleging that defendants violated his constitutional and statutory rights under the:

- First Amendment, including religious freedom, freedom of speech and petition, freedom of association, and retaliation concerning his use of the grievance process;
- Eighth Amendment, including deliberate indifference to serious medical needs;
- Fourteenth Amendment, including due process and equal protection claims;
- Americans with Disabilities Act;
- Religious Land Use and Institutionalized Persons Act;
- Rehabilitiation Act; and
- 42 U.S.C. §1985.

All pretrial matters have been referred to the undersigned.

**I. BACKGROUND FACTS**

Plaintiff has filed motions for an order to show cause and for a temporary restraining order related to events that are alleged to have transpired subsequent to the filing of the complaint in this matter.[1]

In his amended complaint he asserts he was denied his Celebrex (Dkt. # 7, ¶27) and denied Ultram and cortisone shots after they had been prescribed (*Id.* at ¶ 28), and Tylenol was delayed (*Id.* at ¶ 33). In his motion for a temporary restraining order written on February 6, 2007, and filed February 8, he asserts that on February 5, 2007, he was required to surrender his Celebrex to Ms. Dean by Dianna Marble, N.P., who practices under the direction of Dr. Isaacs

---

[1] Pursuant to the referral in this matter and 28 U.S.C. §636(b)(1)(A), requests for injunctive relief require a report and recommendation. While his second motion is captioned a motion for an order to show cause, it also is, in effect, a request for injunctive relief and will be handled by a Report and Recommendation.

(Dkt. # 13 , ¶27).  Plaintiff had a 25 days supply of Celebrex left and was not given an explanation for removing him from this medication.  He was offered Clinoril which he had not taken in six months.  He wants a TRO to have his Celebrex returned, a copy of the order discontinuing it and defendants to show cause why his property was taken in violation of due process.

In his amended complaint he also alleges that on May 5, 2006, he was transferred from the Mid-Michigan Correction Facility (STF) in retaliation for his filing grievances (Dkt. # 7 at ¶68).  In his March 14, 2005, motion for an order to show cause he alleges that on March 7, 2007, he was transferred to Deerfield Correction Facility (ITF) in Ionia where he was denied his extra mattress as had been medically ordered for him (Dkt. # 77 , ¶¶5-7).  Plaintiff also alleges that he was denied access to the grievance system related to these events (*Id.* at ¶8).  He seeks an order to have him returned to Boyer Road Correctional Facility (OTF) and to get an extra mattress and declare Defendants actions violations of Plaintiff's First, Eighth and Fourteenth Amendment rights.  Thus, this motion is also, in effect, a request for injunctive relief.

## II. ANALYSIS

It is unclear whether in his presents motions Plaintiff is seeking temporary relief only, or also a preliminary injunction or a chance to supplement his pleadings and add new claims.  At any rate, an order to show cause and injunctive relief are not appropriate in this instance.

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65.[2]

In order to determine whether to grant a preliminary injunction, a district court must consider: "(1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of an injunction upon the public interest." *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County*, 274 F.3d 377, 400 (6th Cir. 2001).

Plaintiff's transfer to another correction facility involves no irreparable harm. While he was taken off Celebrex he acknowledges he was offered Clinoril which, like Celebrex, is a nonsteroidal anti-inflammatory drug used for treatment of pain and inflamation such as associated with arthritis. Nor is it apparent that denial of the second mattress involves any irreparable harm. Plaintiff has not alleged irreparable harm but wants this Court to modify his medical and other care. In the absence of pleading or showing of irreparable harm, Plaintiff is not entitled to a temporary restraining order or preliminary injunction, to the extent this is actually the relief sought.

Yet, in order to assure Plaintiff is not facing any imminent threat to his health and well being, IT IS ORDERED that the Attorney General's office determine the appropriate medical provider or other suitable treating source to prepare and submit a declaration under 28 U.S.C. §1746 in the nature of a **Medical Report to the Court** detailing Plaintiff's current medical

---

[2] Plaintiff certifies he mailed copies of his pleadings to defense counsel.

impairments and course of treatment, including medications and other therapy or provisions (including any extra mattress) involved in that treatment.[3]

The Prisoner Litigation Reform Act requires that prisoners exhaust their administrative remedies before bringing claims in federal court, 42 U.S.C. §1997e(a), although Plaintiff alleges he was denied access to the grievance forms related to the most recent events.  On March 23, 2007, various defendants have asserted this affirmative defense of failure to exhaust administrative remedies in a motion to dismiss.  Because the present allegations are not part of the original complaint, it is not apparent that these Defendants (most of whom are not mentioned in the current motions) include in their motion to dismiss these added issues of alleged deprivation raised in Plaintiff's two motions.  But, in order to properly add new claims to this case Plaintiff must (a.) exhaust his administrative remedies with respect to the claims or demonstrate more specifically why he could not do so (his latest motion in this Court was written the day after the alleged deprivation), and then *either* (b.) move the court to supplement the complaint to add these claims[4] or (c.) file a new complaint containing these allegations.

---

[3]  Defense counsel is being asked to provide this Medical Report to the Court in lieu of filing responses to these two motions or Plaintiff's motion for class certification.

[4] The Federal Rules of Civil Procedure, Rule 15, provide for supplemental pleadings:

> **(d) Supplemental Pleadings.** Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

**III. RECOMMENDATION**

For the above stated reasons IT IS RECOMMENDED Plaintiff's motion to show cause be **DENIED** and IT IS RECOMMENDED that Plaintiff's motion for a temporary restraining order be **DENIED.**

**IT IS FURTHER ORDERED** that the Attorney General's office determine the appropriate medical provider or other suitable treating source to prepare and submit on or before April 13, 2007, a declaration under 28 U.S.C. §1746 in the nature of a **Medical Report to the Court** detailing Plaintiff's current medical impairments and course of treatment, including medications and other therapy or provisions (including any extra mattress) involved in that treatment.

The parties to this action may object to and seek review of this Report and Recommendation and Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in

length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: March 27, 2007                            s/Steven D. Pepe
Ann Arbor, Michigan                           United States Magistrate Judge

## Certificate of Service

I hereby certify that on March 27, 2007, I electronically filed the foregoing order with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Christine M. Campbell, Kimberley A. Koester, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Richard Boone, II, #409976, Boyer Road Correctional Facility, 10274 Boyer Rd., Carson City, MI 48811

                              s/ James P. Peltier
                              Courtroom Deputy Clerk
                              U.S. District Court
                              600 Church St.
                              Flint, MI 48502
                              810-341-7850
                              pete_peltier@mied.uscourts.gov