UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD BOONE II,
        Plaintiff,                        Case No. 06-14415

vs.                                     DISTRICT JUDGE DENISE PAGE HOOD
                                          MAGISTRATE JUDGE STEVEN D. PEPE

TERRI FIGHTER, ET AL
        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DENIAL FOR APPOINTMENT OF COUNSEL AND MOTION TO HOLD CASE IN ABEYANCE(#163)**

Plaintiff, an inmate in the custody of the Michigan Department of Corrections, filed this action under 42 U.S.C. §1983, alleging that defendants violated his constitutional rights. All pretrial matters were referred to the undersigned on November 16, 2006, pursuant to 28 U.S.C. §636(b)(1)(A) and (B) (Dkt. #8). For the reasons indicated below, Plaintiffs' Motion for Reconsideration for Appointment of Counsel and Motion to Hold Case in Abeyance is **DENIED.**

      <u>Motion to Appoint Counsel</u>

On October 10, 2006, Plaintiff filed a motion for appointment of counsel (Dkt. #3), which was denied without prejudice on January 12, 2007 (Dkt. #10). On February 29, 2008, Plaintiff filed this Motion for Reconsideration of the Denial for Appointment of Counsel (Dkt. # 94).

Plaintiff seeks to have this Court appoint an attorney to assist him with his case. Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiffs. 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Yet, appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To determine whether exceptional

circumstances necessitating the appointment of counsel are present, courts consider the type of case involved, the ability of the plaintiffs to represent themselves, the complexity of the factual and legal issues, and whether the plaintiffs' claims are frivolous or have an extremely small likelihood of success. *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). Based on several considerations, Plaintiffs' claim is denied.

A pending Report and Recommendation would dismiss most of Plaintiff's claims. The factual issues in the remaining claims raised by Plaintiff are related to the following grievances:

> SPR 05-1010-00487-16D naming Defendant Fighter and concerning an error on Plaintiff's Parole Eligibility Report;
>
> STF 06-03-0320-20A alleging Chaplain Thompson improperly removed him from a Jewish religious service list;
>
> STF 06-03-0323-12E complaining that Defendant Kearney prescribed Ultram and a cortizone shot on March 17, 2006, but the order was not given to the nursing staff and, as a result, Plaintiff did not receive Ultram until March 22, 2006, and the injection until April.
>
> STF 06-03-0324-12Z complaining that he was denied his Tylenol refill on March 14, 2006.
>
> STF 06-03-0295-12E complaining that, on March 21, 2006, Defendant Orth refused to give him his prescribed medication after he waited in line, and told him that she would call him out later to get it.
>
> STF-06-04-0358-27Z complaining that on March 23, 2006, he was prevented by Defendant Jackson from filing a Step II appeal on grievance STF 05-12-0721-20Z.
>
> STF 06-04-0339-17A complaining that on March 31, 2006, Defendant Thompson harassed him by calling him to a meeting and then denying Plaintiff access to participate in Jewish services.

It is not clear that all of these state constitutional violations, but the focus of the motion to dismiss was the failure to exhaust administrative remedies, thus the Report and Recommendation

2

did not address other issues. The facts surrounding these grievances seem to be rather simple and straightforward. If the Court adopts the Report and Recommendation a period of discovery on whatever the remaining claims are will be had. Plaintiff has demonstrated in his complaint that he understands the legal issues and can present these issues to a Court in a satisfactory manner. Plaintiff, in his complaint and numerous subsequent filings, shows a considerable degree of legal sophistication for *pro per* Plaintiff. Further, Plaintiff's response to Defendant's motion to dismiss has extensive references to the facts in question and well-articulated legal arguments showing a clear understanding of the issues at hand (Dkt. # 7). After the Court acts on the pending Report and recommendation, the need for appointing counsel can be considered again. It should be noted that there is a grave scarcity of attorneys available to represent indigent persons in this Court. This Court has no funds to secure attorneys for indigent parties in civil cases, and has great difficulty finding attorneys willing to volunteer time to serve in *pro bono* cases without payment. Their services must be carefully rationed to the most appropriate cases.

Accordingly, Plaintiffs' application for appointment of counsel is **DENIED.**

Motion for Abeyance

Plaintiff requests that the entire case be put on hold because he will be incapable of its prosecution during an alleged upcoming right hip surgery and recovery time. According to Plaintiff's exhibits, it is unclear that the surgery has been authorized. The most recent information regarding the surgery is dated January 17, 2008, in which Dr. William D. Nelson states that the surgery was not medically necessary and was therefore not authorized (Dkt. #163, p. 5). Further, Plaintiff was unable to provide a date when the surgery would take place citing

MDOC's security concerns. Without information as to when or if the surgery will occur, it would be premature at this juncture to hold the case in abeyance for an undefined duration of time. Because Plaintiff has not alleged sufficient facts to support such relief in this motion, this relief is DENIED.

If Plaintiff undergoes surgery, he or someone on his behalf, can notify the Court of this fact and if the schedule in this case needs to be modified, it can be so modified at that time.

**SO ORDERED**.

Dated: March 14, 2008           s/Steven D. Pepe
Ann Arbor, Michigan          United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Order* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 14, 2008.

         s/ Alissa Greer
         Case Manager to Magistrate
         Judge Steven D. Pepe
         (734) 741-2298