**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICHARD BOONE II,

    Plaintiff,                                    CASE NO. 06-14415

v.                                             JUDGE DENISE PAGE HOOD

TERRI FIGHTER, ET AL

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTIONS FOR DEFAULT AND INJUNCTION, AND PARTIALLY ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTIONS TO DISMISS

**I.    INTRODUCTION**

This matter is before the Court on Defendants' Motions to Dismiss [Docket No. 80, 99, 116, 127], Plaintiff's Motion for Default Judgment [Docket No. 91] and Motion for Injunction [Docket No. 132]. Magistrate Judge Stephen D. Pepe's issued two Reports and Recommendations regarding the motions: the first dated May 17, 2007 that addresses Plaintiff's Motion for Default Judgment; the second dated August 16, 2007, regarding Defendants' Motions to Dismiss.

On October 10, 2006, Plaintiff filed a *pro se* prisoner civil rights suit. Magistrate Judge Pepe issued a Report and Recommendation regarding Plaintiff's Motion for Default [Docket No. 91], on May 17, 2007, recommending that the motion be denied. [Docket No. 117]. No objections were made to the Report and Recommendation.

1

On August 16, Magistrate Judge Pepe issued a Report and Recommendation recommending that 46 of Plaintiff's 54 grievances be dismissed, for failure to exhaust. [Docket No. 131]. The Michigan Department of Corrections defendants ("MDOC") filed objections to the Report and Recommendation on September 6, 2007. [Docket No. 135]. Defendants Dianna Marble, P.A. Kearney, Dr. Isaacs, Dr. Hutchinson, and Correctional Medical Services, Inc.'s also filed objections to the Report and Recommendation, on September 7, 2007. [Docket No. 136].

On September 10, 2007 Plaintiff filed his objections to the Report and Recommendation [Docket No. 139]. Defendants Dianna Marble, P.A. Kearney, Dr. Isaacs, Dr. Hutchinson and Correctional Medical Services, Inc. responded to Plaintiff's objections on October 5, 2007. [Docket No. 141].

On August 20, 2007, Plaintiff filed a Motion for Injunction pursuant to Fed.R.Civ.P.65(a), requesting this Court to enjoin the Defendant from withholding proper medical care by a qualified orthopedic surgeon. [Docket No. 132].

**II. FACTS**

Plaintiff has filed suit under 42 U.S.C. §1983, claiming several violations of his civil rights. At the time of the incidents which give rise to the present action, Plaintiff was incarcerated at the Pine River Correctional Facility and Mid-Michigan Correctional Facility, both located in St. Louis, Michigan, and the Boyer Road Correctional Facility, located in Carson City, Michigan. All three locations are part of the Michigan Department of Corrections.

Plaintiff raises claims under the following portions of the Constitution of the United States, and federal statutes:

(1) The First Amendment, including religious freedom, freedom of speech, freedom of association;

(2) The Eighth Amendment, claiming deliberate indifference to serious medical needs under 42 U.S.C. §1983;
(3) The Fourteenth Amendment, including due process and equal protection claims;
(4) Americans with Disabilities Act;
(5) Religious Land Use and Institutionalized Persons Act;
(6) Rehabilitation Act; and
(7) 42 U.S.C. §1985.

Plaintiff, pursuant to 42 U.S.C. §1983 under the Eighth Amendment, claims deliberate indifference to his medical problems against the medical Defendants. Plaintiff alleges that he had a pre-existing right hip injury prior to his incarceration (Amended Complaint, ¶17), and claims to have been denied post-operative care, proper pain medication, referral to an orthopedic specialist, timely refills of medication, a proper mattress, and orthopedic shoes. (Amended Complaint, ¶19). Plaintiff alleges to have grieved these issues without adequate remedy. (Amended Complaint, ¶¶20-41).

### III. DEFAULT JUDGMENT [Docket No. 91]

Magistrate Judge Pepe issued a Report and Recommendation regarding Plaintiff's Motion for Default, on May 17, 2007, recommending that Plaintiff's motion for default be denied. [Docket No. 117]. No objections were filed to the Report and Recommendation. This Court agrees with Magistrate Judge Pepe's findings, and the portion of the Report and Recommendation [Docket No. 117] regarding Plaintiff's Motion for Default [Docket No. 91] is accepted and adopted by this Court, and Plaintiff's Motion for Default Judgment [Docket No. 91] is DENIED.

### IV. MOTIONS TO DISMISS [Docket Nos. 80, 99, 116, 123]

#### A. Introduction

In his August 16, 2007 Report and Recommendation [Docket No. 131], Magistrate Judge

Steven Pepe recommends that 46 of Plaintiff's 54 grievances be dismissed because Plaintiff did not clear all of the restrictive hurdles imposed on him by 42 U.S.C. §1997e of the Prison Litigation Reform Act ("PLRA). (*See* Docket No. 131, at 2). Magistrate Judge Pepe further recommends that the §1983 claims related to the remaining eight grievances should not be dismissed, either because of Defendants' failure to follow the PLRA guidelines or because Plaintiff has exhausted his administrative remedies.

### B.  Standard of Review

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. §636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636 (B)(1)©. This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

**Grievances to Be Dismissed**

### A.  19 Grievances Conceded as Properly Dismissed by Plaintiff

Plaintiff does not dispute Magistrate Judge Pepe's findings on the following 19 claims, and this Court accepts and adopts the Magistrate Judge's Report and Recommendation DISMISSING the following claims:

> STF 06-01-00091-12F; OTF 06-07-00453-28A; STF 06-02-0252-28B; OTF 06-07-00454-28E; OTF 06-07-00473-28E; OTF 06-07-00457-28E; STF 06-05-0475-28E; OTF 06-07-00421-28C; OTF 06-07-00482-28E; OTF 06-07-00471-27B; OTF 06-07-00467-27B; STF 06-05-0483-28F; OTF 06-07-00425-28C; OTF 06-07-00485-28B; STF 05-12-0721-20Z; OTF 06-06-00362-15A; OTF 06-07-00455-28E; OTF 06-07-00450-28C; OTF

4

0607-00489-28B

## B. 28 Grievances Dismissed over Plaintiff's Objection to Report and Recommendation

**STF 06-04-0374-08A**

Plaintiff asserts that this claim should not be dismissed because retaliation and the fear of retaliation within the MDOC is a valid reason to prevent a grievant from filing a grievance. Contrary to Plaintiff's argument, the grievance was properly excluded as retaliation can be addressed as provided for in the Policy Directive on grievances. Under MDOC policy Directive 03.02.130, a grievance must be filed at Step III within 10 business days of the receipt of the Step II response. Under *Freeman v. Francis,* all grievances must be fully progressed through the grievance procedure before the complaint if filed. *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir. 1999). STF 06-04-0374-08A was untimely, and is properly DISMISSED.

**STF 06-02-0138-12D2**

Plaintiff argues that this grievance was untimely because he was in pain and could not help the late filing. The basis, however, for many of the claims hinge upon the pain that Plaintiff has alleged. Plaintiff should have come forth with some specific reasons why this instance of pain was more heightened, if at all. As such, the grievance is still untimely and ineffective for purposes of exhaustion under the PLRA and is properly DISMISSED.

**SPR 06-03-00159-17A**

Plaintiff argues that this claim was properly exhausted, however, this Court agrees with the Magistrate Judge's Report and Recommendation that this grievance was untimely. Plaintiff filed this grievance on February 25, 2006 regarding an incident alleged to have occurred June or July 2005 through November 7, 2005 the grievance was filed seven to eight months after

Plaintiff first became aware of the issue.

### STF 06-04-0352-03A

Plaintiff alleges an error in the date of this grievance, however, Magistrate Judge Pepe uncovered this issue and still found the grievance to be untimely:

> Plaintiff filed this grievance on April 2, 2006, alleging that overcrowding at STF had hindered his healthcare. Pl. Exh. 21. He named the date of the incident as December 7, 2005. Although the issue was ongoing, he was first aware of the effects of the overcrowding on December 7, 2005, four months before submitting his formal grievance. His grievance was thus untimely at Step I.

(Docket No. 131, p. 9). This claim is properly DISMISSED.

### SPR 06-03-00175-28E

This Court agrees with the Magistrate Judge that Plaintiff's delay of one year in filing this grievance made this grievance untimely at Step I. This claim is DISMISSED.

### STF 06-05-0482-28F

This grievance was untimely as the Step I was not filed within five days of his informal resolution. As stated by the Magistrate Judge: "This grievance must also be dismissed because Plaintiff was on modified access when it was filed, but he failed to obtain the grievance form through the Grievance Coordinator." (Docket No. 132, page 9). This Court agrees with Magistrate Judge Pepe, and the claim is DISMISSED.

### JCS 06-06-00515-29Z

Magistrate Judge Pepe found "Plaintiff wrote to Defendant Curtis on May 11, 2006, indicating that he had completed the required therapy program. When he did not hear back, he filed this grievance on June 20, 2006. Because Plaintiff did not file his grievance at Step I within five days of his informal attempt at resolution (the letter to Warden Curtis) his grievance is

untimely." (Docket No. 131, at 10). Plaintiff argues that the time requirements were untenable, as he was housed in different facility than that of Defendant Curtis. Nevertheless, Plaintiff could have preserved his claim by filing his Step I grievance within the five days allowed, and dropped the claim later if Defendant Curtis responded. As such, this Court agrees and the claim is appropriately DISMISSED.

### OTF 06-08-0523-11G

Plaintiff states that "this grievance was not part of the Amended Complaint. When Plaintiff amended his compliant [sic] he left out Line 78 on page 21, and therefore this grievance is not subject to scrutiny." (Docket No. 139, p. 5). This claim is therefore not for review, per Plaintiff's averment, and is DISMISSED.

### STF 06-05-0479-28E, STF 06-05-0476-28E, STF 06-05-0477-28E

Plaintiff claims that he was on modified grievance access during this time, and that he did not have the funds to purchase the cost of the mailing. (Docket No. 139, p. 6). As explained by the Magistrate Judge, however, Plaintiff was transferred at the time in question, and was not on restricted grievance access at that time. Plaintiff had the grievance forms available to him for eleven calender days before deciding to file the grievances. Under the grievance Policy Directive he only had five business days to file such grievances, however, and the claims are DISMISSED for failure to exhaust.

### STF 06-05-0478-28E

Plaintiff admits this grievance was untimely, but claims that he spoke to Defendant Jackson while on modified access. Plaintiff does not allege that he attempted to informally attempt to resolve the grievance, as mandated, and the claim is DISMISSED.

7

**STF 06-03-0321-12A, STF 06-03-0322-28A, STF 06-04-0330-28A, STF 06-04-0331-28A**

Plaintiff states that he does not dispute that these claims are duplicate, however, wishes to reserve the right to combine the grievances and the alleged violation into STF 06-03-0320-20A. Plaintiff's request is denied as under the Policy Directive, any grievance that is a duplicate of a previously filed grievance is rejected. § PD G(1). STF 06-03-0321-12A, STF 06-03-0322-28A, STF 06-04-0330-28A, and STF 06-04-0331-28A are DISMISSED.

**STF 06-04-0334-28A, STF 06-04-0322-28A, STF 06-04-0335-28A**

These three grievances are based upon Plaintiff's alleged removal from the Jewish service list. Again, Plaintiff does not dispute that the claims are duplicate, however, requests the right to keep Defendants Lafler, Meagher, and Olson as part of his Religious Complaint. Plaintiff is denied that right as the grievances are DISMISSED as duplicative of previous grievances.

**OTF 06-07-00488-28I, OTF 06-07-00480-28E**

This Court agrees with Magistrate Judge Pepe that OTF 06-07-00488-28I is a duplicate of the same issues raised in JCS 06-06-00515-29Z. Additionally, OTF 06-07-00480-28E is a duplicate of grievance JCS06-06-00515-29Z. Under the Policy Directive any grievance that is a duplicate of a previously filed grievance will be rejected. § PD G(1). Grievances 06-07-00488-28I and OTF 06-07-00480-28E are properly DISMISSED.

**STF 06-03-0256-12D**

Magistrate Judge Pepe wrote at page 16 of his Report and Recommendation:

If a grievance contains multiple, unrelated issues, the Policy Directive provides that it will be rejected. PD G(1). Thus, a prisoner may not use one grievance form to list out all the different complaints he may have. A grievance must give the facility fair notice of

the alleged misconduct so that it has the chance to provide a remedy. *See*, e.g., *Bell v. Konteh*, 450 F. 3d 651, 654 (6th Cir. 2006). Listing in a single grievance multiple issues occurring in different units by different individuals diminishes the prison's opportunity to correct the problem.

(*See* Docket No. 131, at 16). This Court agrees that Plaintiff's claim contains multiple unrelated issues, and is properly DISMISSED.

### OTF 06-07-00478-27B

As the Magistrate Judge noted, prison policy limits the number of envelopes a prisoner may submit to 10, and the limit is a non-grievable issue. OP DRF 04.02.130. Plaintiff admits it is a non-grievable issue, however, states that the claim is exhausted. (*See* Docket No. 139, p. 8). Because the issue is non-grievable, exhaustion is not relevant, and OTF 06-07-00478-27B is properly DISMISSED from the complaint.

### OTF 06-07-00468-28I

This Court agrees with Magistrate Judge Pepe's finding that this grievance deals with the non-grievable issue of the MDOC's requiring of prisoners to complete a declaration of religion on a "Religious Preference Form" to be added to a certain religious service. Pl. Exh. 10e. This claim is properly DISMISSED from the complaint.

### OTF 06-07-00470-27D

Plaintiff argues in this grievance that the prison has a policy of depriving inmates legal representation at hearings including major misconduct ticket hearing or a parole hearing, and that this policy violated Plaintiff's due process rights. (Docket No. 131, p. 18). This Court agrees with Magistrate Judge Pepe that this grievance deals with non-grievable issues, and is properly DISMISSED.

### STF 06-05-0481-28F, STF 06-05-0480-28F

9

The Step I grievance must be filed within five business days under the MDOC policy directive for grievances. Policy at ¶X. The MDOC Policy Directives state at ¶T that:

> The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Date, times, places and names of all those involved in the issue being grieved are to be included.

Plaintiff raises general objections to Magistrate Judge Pepe's recommendation that STF 06-05-0481-28F, STF 06-05-0480-28F both be dismissed. This Court agrees, however, with Magistrate Judge Pepe's finding that "because [Plaintiff] failed to follow the procedures that were available to him - and required of him - the...grievances are dismissed."(Docket No. 131, p. 20) In neither grievance did Plaintiff obtain the Step I grievance form from the Grievance Coordinator, and both STF 06-05-0481-28F, STF 06-05-0480-28F are DISMISSED.

**STF 06-04-0339-17A**

This grievance alleges harassment against Plaintiff by prison Chaplain Thompson. (Pl. Comp., ¶54). It was rejected as duplicative of the same issue addressed and resolved in STF 06-03-00320-20A, STF 06-03-00322-28A, and STF 06-04-00334-28A. Magistrate Judge Pepe, however, said that issue 0339 was distinct for it involved harassment after removal from the service call-out list, and not simply the removal from the Jewish service list. This Court agrees with the Magistrate Judge's determination, as the incident in question took place on March 31, 2006, over a week after the removal from the service call-out list incident of March 22, 2006. (Docket No. 131, at 29).

    **C.**    **4 Claims to be Dismissed Over the Magistrate Judge's Report and Recommendation**

**(1) STF 06-03-0323-12E**

Magistrate Judge Pepe states that "Plaintiff has exhausted his administrative remedies

with respect to this grievance." (Docket No. 131, p. 26). The MDOC Defendants object, stating that the grievance was not in fact properly exhausted because it was untimely.

The Grievance Inquiry shows that this grievance was received at Step III on July 31, 2006, and denied on October 10, 2006, because it was untimely. (Docket No. 99, Exhibit A). The Step II response was returned to Plaintiff on 5-31-06, while the Step III appeal was submitted on 7-31-06. Because the Step III appeal was required to be submitted within 10 business days, claim STF-06-03-0323-12E has not been properly exhausted and is DISMISSED.

(2) **STF 06-03-0324-12Z**

Magistrate Judge Pepe states in his Report and Recommendation "Defendants argue only that his grievance was untimely, but do not specify at which step it was untimely. [T]he record does not indicate when he filed his Step III appeal, and in the lack of evidence to the contrary...defendants fail in their affirmative defense burden of proof." (Docket 131, pp. 27-28).

To the contrary, at page 9 of their Summary Judgment Brief Defendants state, "STF 2006-03-0324-12Z (Cplt, ¶26) - rejected at Step 3, untimely," referring to the Grievance Inquiry exhibit attached to their motion. [Docket No. 99, Ex. A]. The Grievance Inquiry printout lists all grievances for a particular prisoner received at Step III. Plaintiff's Exhibit 2f shows that the Step II response was returned to Plaintiff on May 31, 2006. [Docket Nos. 1-3, Pl. Ex. 2f, p. 31]. Grievance STF 2006-03-0324-12Z was received at Step III on July 31, 2006. *Id.* The Step III response specifically indicates that the grievance was rejected at Step III, as indicated on Def. Ex. A, because it was untimely. Magistrate Judge Pepe's conclusion regarding this grievance is rejected, and the claim is DISMISSED.

**(3) STF 06-03-0295-12E**

11

Magistrate Judge Pepe states at page 28 of his Report and Recommendation "Defendants argue that Plaintiff was untimely in his appeal to Step III, but do not provide any evidence." At page 9 of Defendants' Summary Judgment Brief [Docket No. 99], Defendants state, "STF 2006-03-0295-12e (Cplt, ¶21) - untimely at Step 3" referring again to Def. Ex. A, the Grievance Inquiry. Plaintiff's Exhibit 2d [Docket Nos. 1-3, p. 25] shows that the Step II response was returned to him on May 31, 2006. The Step III response specifically states that the grievance is rejected at Step III because it was untimely. Magistrate Judge Pepe's conclusion regarding this grievance is rejected, and this claim is DISMISSED.

### (4) STF 06-04-0358-27Z

Grievance STF 06-04-0358-27Z is related to STF 05-12-721-20Z. With regard to Grievance STF 06-04-0358-27Z, Magistrate Judge Pepe relied on documents provided by Plaintiff, Pl. Ex. 8, stating

> On April 6, 2006, Plaintiff grieved that on March 23, 2006, he was prevented by Defendant Jackson from filing a Step II appeal on grievance STF 05-12-0721-20Z. Pl. Ex. 81. This grievance [i.e., STF 05-12-0721-20Z] was filed in December 2005 and also named Warden Lafler; the Grievance Coordinator indicated he was refused a Step II appeal because he requested one in an untimely manner. Plaintiff attempted to resolve the issue informally on March 23, 2006. On April 5, 2006, he received a response to this informal appeal, and was told he could not file a Step II appeal. He then filed this formal grievance (i.e., STF 06-04-0358-27Z) the following day. He filed a timely Step II appeal when his grievance was rejected, and finally filed a Step III appeal.
>   A prisoner may appeal alleged violations of prison policy, including the grievance procedures. PD E. Plaintiff believes that Defendant Jackson violated the grievance procedures. Plaintiff complied with the grievance process requirements.

It is not clear what documents Magistrate Judge Pepe relied upon for his conclusions, as the facts are not borne out by the actual grievance documents he references. Grievance STF 06-04-0358-27Z names Warden Lafler and Grievance Coordinator L. Jackson. Plaintiff claims that

12

Defendants Lafler and Jackson refused to provide a Step II appeal form for STF 05-12-0721-20Z (Docket Nos. 1-6, Pl. Ex. 8a, p. 33). Section MM of the grievance policy states "While on modified access, the prisoner or parolee shall be able to obtain grievance forms only through the Step I Grievance Coordinator. A grievance form shall be provided if the Step I Grievance Coordinator determines that the issue the prisoner or parolee wishes to grieve is grievable and otherwise meets the criteria outlined in this policy." (Grievance Policy, § MM).

Plaintiff was on modified access from April 17, 2006 to July 15, 2006. [Docket No. 131, at 11]. It was during this time period, specifically on April 4, 2006 when Plaintiff attempted to file a Step II appeal on STF 05-12-0721-20Z. (See Docket No. 134, Def. Ex. A-3). Plaintiff attempted to resolve the issue informally on March 23, 2006, however, his attempt to resolve the issue of the Step II appeal form was untimely. The Step I response for 05-12-0721-20Z was returned to Plaintiff on January 5, 2006, and Plaintiff signed off that the grievance was resolved (Docket No. 135, Def. Ex. A-3). His attempt to file a Step II appeal on April 24, 2006 was then untimely.

As indicated in the Step I response to STF 06-04-0358-27Z, Plaintiff's request for a Step II appeal form for STF 05-12-0721-20Z was denied as being untimely. As the Magistrate Judge stated at page 17 of his Report and Recommendation:

> Two types of complaints are considered non-grievable. First, "a grievant may not grieve the content of policy or procedure; such grievances shall be rejected by the grievance coordinator." In other words, a prisoner can grieve that a prison official failed to comply with a required procedure, and that this failure harmed him, but he cannot grieve that the required procedure itself harmed him.

(Docket No. 131, p. 17). Plaintiff's grievance against Lafler and Jackson was based on their compliance with policy, not upon their non-compliance, and was properly rejected as a non-

13

grievable issue. Defendants Jackson and Lafler did not violate the grievance procedure when they refused to honor Plaintiff's untimely request for a Step II appeal form for STF 05-12-0721-20Z. STF 06-04-0358-27Z falls within the scope of non-grievable issues, as explained by Magistrate Judge Pepe, and is DISMISSED.

        **D.**        **The Four Remaining Grievances, Three Remaining Defendants:**

**(1) SPR 05-1010-00487-16D:** This grievance relates to Defendant Fighter.

**(2) STF 06-03-0257-17Z:** This grievance relates to Defendant Graheck.

**(3) STF 06-03-0320-20A:** This grievance relates to Defendant Thompson.

**(4) STF 06-04-0339-17A:** This grievance relates to Defendant Thompson, alleging harassment against Plaintiff by prison Chaplain Thompson. (Pl. Comp., ¶54). It was rejected as duplicative for being the same issue addressed and resolved in STF 06-03-00320-20A, STF 06-03-00322-28A, and STF 06-04-00334-28A. Magistrate Judge Pepe, however, said that the issue in 0339 was distinct for it dealt with harassment after removal from the service call-out list, and not simply the removal from the Jewish service list. This Court agrees with the Magistrate Judge's determination, as the incident in question took place on March 31, 2006, over a week after the removal from the service call-out list incident of March 22, 2006. (Docket No. 131, at 29).

The remaining four grievances pertain to Defendants Fighter, Graheck, and Thompson. All other defendants are DISMISSED from this case.

**V.**        **PLAINTIFF'S MOTION FOR INJUNCTION [Docket No. 132]**

Plaintiff filed a Motion for Injunction on August 20, 2007, pursuant to Fed.R.Civ.P.65(a), requesting this Court to enjoin the Defendant from "with holding (sic) proper and/or necessary

Treatment and /or consultation with a qualified Orthopedic Surgeon, who is not affiliated with the MDOC or Correctional Medical Services so the Plaintiff can receive a fair and unbiased medical diagnosis as to his medical needs without pressure as to medical costs..." (Pl. Mot. For Injunction, Docket No. 132, at 1.)

In deciding whether to grant or deny a preliminary injunction, the Court must balance four factors:

I. Whether the Plaintiff has shown a strong or substantial likelihood of success on the merits;

II. Whether the Plaintiff has shown irreparable injury;

III. Whether the issuance of a preliminary injunction would cause substantial harm to others; and

IV. Whether the public interest would be served by issuing a preliminary injunction.

*Phillips v. Michigan Dept. Of Corrections*, 731 F.Supp. 792, 798 (W.D. Mich. 1990), *affirmed* 932 F.2d 969 (6th Cir. 1991). The four factors are not prerequisites to be met, but must be balanced. *In re DeLorean Motor Co.,* 755 F.2d 1223, 1228 (6th Cir. 1992).

**I.    Whether the Plaintiff has shown a strong or substantial likelihood of success on the merits**

At this stage in the litigation Plaintiff has not shown a strong or substantial likelihood of success on the merits. Plaintiff must show "a close causal connection between the policy and the injuries suffered" and plead facts that support that such a policy or custom exists. *Mullins v. Stratton*, 878 F.Supp. 1016, 1019-1020 (E.D.Ken.1995). The courts typically do not intervene in questions of medical judgment. *Youngberg v. Romeo,* 457 U.S. 307, 321 (1982). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to

constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Plaintiff has not shown a strong or substantial likelihood of success on merits.

**II.     Whether the Plaintiff has shown irreparable injury**

Plaintiff's allegations do not rise to the level of "irreparable injury," as Plaintiff has not presented clear evidence that his condition has worsened or has caused irreparable injury at this time. Plaintiff has been provided with pain medication, though not of the type he would like. The Affidavit of Physician's Assistant Borges indicates that Mr. Boone has been offered, but has rejected, different pain medication, and is currently being referred for an orthopedic consult. *See*, Docket No. 134, Exhibit A, Affidavit of P.A. Terry Borges.

**III.    Whether the issuance of a preliminary injunction would cause substantial harm to others**

Plaintiff's request may cause substantial harm to the MDOC in that the process to request medical care will be disrupted. The Michigan Department of Corrections has a specific kite procedure for inmates to request medical care, and the individual medical providers do not have the authority to overrule the medical staff when they are following the procedures put in place. Allowing an injunction in this case will disrupt the acceptable procedures the MDOC has in place, and may cause substantial harm to the defendants.

**IV.    Whether the public interest would be served by issuing a preliminary injunction**

The Supreme Court has held that as long as prison administrators rationally pursue a legitimate penological objective, their decisions based upon their informed discretion should be given wide ranging deference. *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119 (1977). The preliminary injunction requested by Plaintiff would be an unnecessary intrusion into the

daily operation of the MDOC.

## V. Conclusion

This Court finds that the balance of the factors does not favor granting Plaintiff's motion for a temporary restraining order and preliminary injunction, and Plaintiff's Motion for Injunction [**Docket No. 132**] is DENIED.

## VI. CONCLUSION

Accordingly,

IT IS ORDERED that the portion of Magistrate Judge Pepe's May 17, 2007 Report and Report and Recommendation [**Docket No. 117**] that addresses the Plaintiff's Motion for Default [**Docket No. 91**] is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law, and Plaintiff's Motion for Default Judgment [**Docket No. 91**] is **DENIED.**

IT IS FURTHER ORDERED that Magistrate Judge Pepe's Report and Recommendation [**Docket No. 131**] is PARTIALLY ACCEPTED and ADOPTED in accordance with the above order, and PARTIALLY REJECTED concerning the additional 4 grievances to be dismissed.

IT IS FURTHER ORDERED that the Medical Defendants' Motion to Dismiss [**Docket No. 80**] is GRANTED, and the Medical Defendants, Marble, Kearney, Isaacs, Hutchinson and Corrective Medical Services, Inc. are **DISMISSED** from the case.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss [**Docket No. 99**] is PARTIALLY DENIED as to Defendants Fighter, Graheck, and Thompson, and PARTIALLY ACCEPTED as to the remaining Defendants. Defendants John Robitshun, James Quinlan, Enid Livingston, Dave Klienhardt, Patricia Caruso, Amy Best, Ed Hunt, Maria Orth, Gerald DeVoss, Monica Fuller, Haresh Pandya, George Pramstaller, Karmen Blount, S. Teed, Kelley Melle, Julie

Van Setters, Bureau of Health Care Services, Duane L. Waters Hospital, Blaine Lafler, Mike Olson, Barbara Meager, Susan Havelka, Wayne Ritz, Lori Gidley, Thomas K. Bell, Bruce Curtis, Cheryl Miller, Herring, Chef Suarez, Hunter, Joel Parks, Lori Jackson, Amy Gaskil, J. Scott, Jennifer Granholm, John Cherry, Jr, Lorraine Kipp, Bruce Pung, Percy Conerly, Ray Wolfe, and James Armstrong are **DISMISSED** from this case.

IT IS FURTHER ORDERED that Defendant Jonnathan Altman's Motion to Dismiss [**Docket No. 116**] is GRANTED, and he is **DISMISSED** as a defendant.

IT IS FURTHER ORDERED that Defendant Beth Davis's Motion to Dismiss [**Docket No. 123**], is GRANTED and she is **DISMISSED** as a defendant.

IT IS FURTHER ORDERED that Plaintiff's Motion for Injunction [**Docket No. 132**] is DENIED.

IT IS FURTHER ORDERED that the only claims remaining arise from grievances SPR 05-1010-00487-16D, STF 06-03-0257-17Z, STF 06-03-0320-20A and STF 06-04-0339-17A, and the only remaining Defendants are Teri Fighter, Graheck, and Billy Ray Thompson.

                                                s/Denise Page Hood  
                                                Denise Page Hood  
                                                United States District Judge

Dated: March 31, 2008

     I hereby certify that a copy of the foregoing document was served upon counsel of record and Richard Boone, II, Reg. No. 409976, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201on March 31, 2008, by electronic and/or ordinary mail.

                                            s/William F. Lewis
                                            Case Manager