# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RICHARD BOONE, II,

       Plaintiff                             Case No. 06-14415
                                                 Honorable Denise Page Hood

      v.

TERI FIGHTER, et al.,

       Defendants.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## & ORDER DISMISSING CASE

**I. Introduction**

       This matter is before the court on Magistrate Judge Mark A. Randon's Report and Recommendation, dated July 23, 2010 [Doc. No. 198]. The Court granted Boone an extension to file objections to the Magistrate Judge's Report and Recommendation. (Dkt. No. 200). Boone has filed no objections as of this date.

       Plaintiff, Richard Boone II ("Boone"), filed this action, pro se, on November 14, 2006, as a prisoner of the State of Michigan. There are currently three named defendants that remain: Mary Grahek, a Registered Nurse ("Nurse Grahek"); Teri Fighter, an Assistant Resident Unit Supervisor ("ARUS Fighter"); and Billy Thompson, a Prison Chaplain ("Chaplain Thompson"). All three defendants filed separate motions for summary judgment in December of 2009. (Dkt. Nos. 183, 185 and 191). Boone was ordered to respond to these motions and failed to do so. (Dkt. Nos. 184, 190, 192). Boone was granted an extension to respond to the motions, but failed to do so. (Dkt. No. 196).

## II. Standard of Review

### A. Report and Recommendation

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate. *Id.*

In order to preserve the right to appeal the Magistrate Judge's recommendation, Petitioner must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Failure to file specific objections constitutes a waiver of any further right to appeal. *Thomas v. Arn,* 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

### B. Summary Judgment

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled as a mater of law. Fed. R. Civ. P. 56(c)(2).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 547, 587 (1986); *see also B.F. Goodrich Co. v. U.S. Filter Corp.,* 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita,* 475 U.S. at 587. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. *Banks v. Wolfe County Bd. Of Educ.,* 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587, 106 S. Ct. 1348 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S. Ct. 1575, 1592 (1968)).

**III. Applicable Law & Analysis**

**A. Boone's Failure to respond to Defendants' Motions for Summary Judgment**

The Eastern District of Michigan Local Rule 7.1(b) states that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available." "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

The Court agrees with the Magistrate Judge that since Boone has failed to respond and

3

comply with an order to respond on two separate occasions, the motions filed by the Defendants are deemed unopposed. *Humphrey v. U.S. Attorney Gen's Office,* 279 Fed.Appx. 328 (6th Cir. 2008).

**B. Boone's Claims Against ARUS Fighter**

The Court agrees with the Magistrate Judge that ARUS Fighter is immune from civil suit on the grounds that she was performing her discretionary duties and did not violate Boone's "clearly established constitutional rights." *Jones v. Byrnes,* No. 08-1889 at * 4 (6th Cir. Nov. 9, 2009). Boone has no liberty interest in parole. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Glover v. Michigan Parole Board,* 460 Mich. 511 (1999).

The Court also agrees with the Magistrate Judge that Boone's claim under the federal FOIA, 5 U.S.C. § 552, is without merit because it applies only to federal agencies and not state agencies. *Grand Central Partnership, Inc. v. Cuomo*, 166 F.3d 473, 484 (2nd Cir. 1999).

**C. Boone's Claims Against Nurse Grahek**

The Court agrees with the Magistrate Judge that the medical treatment Boone received was not in violation of his Eighth Amendment rights. Boone has failed to show that there was "deliberate indifference to his serious medical needs." *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). Boone also failed to show that there was "an unnecessary and wanton infliction of pain" that would be "repugnant to the conscience of mankind." *See Estelle v. Gamble*, 429 U.S. 97 (1976).

**D. Boone's Claims Against Chaplain Thompson**

The Court agrees with the Magistrate Judge that Chaplain Thompson is entitled to

qualified immunity. Boone was permitted to attend and did attend the all-faith services. The prison is not required to offer a specific religious service, unless there is an adequate amount of interest shown by the inmates. *Colvin v. Caruso*, 605 F.3d 292, 291 (6th Cir. 2010); *see also, Spies v. Voinovich*, 173 F.3d 398, 404 (6th Cir. 1999).

The Court also agrees with the Magistrate Judge that Boone's claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") is moot. RLUIPA only allows for injunctive and declaratory relief. *Colvin*, 605 F.3d at 289; *Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir. 1996). Boone has been transferred to a different facility, causing the claim to be moot.

### E. The Unserved and Unnamed Defendants

The Court agrees with the Magistrate Judge that the claims against the remaining unnamed defendants be dismissed as well. Fed. R. Civ. P. 4(m) requires that a defendant be served within 120 days of filing the complaint and a failure to do so is grounds for dismissal without prejudice. The Court accepts the Magistrate Judge's opinion the unnamed defendants be dismissed with prejudice, due to the fact that the statute of limitations has run. *Mackall v. Doe*, No. 05-60083-AA, 2005 WL 1843449, *1 (E.D. Mich. 2001), citing *Awdish v. Pappas*, 159 F.Supp.2d 672, 673, n. 1 (E.D. Mich. 2001).

## IV. Conclusion

For the reasons set forth above, the defendants' motions for summary judgment are granted.

Accordingly,

IT IS ORDERED that Magistrate Judge Mark A. Randon's July 23, 2010 Report and Recommendation **[No. 198, 7/23/2010]** is ACCEPTED and ADOPTED as this Court's findings

of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendants' Motions for Summary Judgment **[No. 183, 12/2/2009; No. 185, 12/4/2009; No. 191, 12/29/2009]** are GRANTED.

IT IS FURTHER ORDERED that Defendants, Mary Grahek, Teri Fighter and Billy Thompson, are DISMISSED.

IT IS FURTHER ORDERED that the claims against the unnamed defendants are DISMISSED.

IT IS FURTHER ORDERED that this cause of action is dismissed with prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 27, 2010

I hereby certify that a copy of the foregoing document was served upon Richard Boone, Reg. No. 30959, Wayne County Jail, 570 Clinton St., Detroit, MI 48226 and counsel of record on September 27, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager